# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

**CHARLES HARRIS,** as an individual and
**UNIQUE PRODUCTS AND SERVICES,** a Pennsylvania Corporation

   *Plaintiffs,*

*vs.*

**OPRAH WINFREY,** as an individual, and
**THE OPRAH WINFREY SHOW d/b/a HARPO PRODUCTIONS INC.,** an Illinois corporation.

   *Defendants.*

No.

**COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES**

*Jury Trial Requested*

---

 James Lee, Esquire (Atty. Id # 307181), 1500 Market Street, 12th Floor/East Tower, Philadelphia, PA 19102.

 Plaintiffs, Charles Harris and Unique Products and Services (collectively, "Plaintiffs"), by and through its undersigned counsel, files this Complaint against Defendants, Oprah Winfrey and Oprah Winfrey Show d/b/a Harpo Productions Inc, (collectively, "Defendants") and in support thereof alleges as follows.

## I. PARTIES

 1. Plaintiff Charles Harris ("Mr. Harris") is an individual residing in Pennsylvania.

 2. Plaintiff Unique Products and Services ("Unique") is a

corporation organized and existing under the laws of Pennsylvania with a principal place of business at 7330 Germantown Avenue, Unit D3, Philadelphia, Pa 19119

3.    Defendant, Oprah Winfrey ("Ms. Winfrey") is an individual residing in Illinois.

4.    Defendant, Oprah Winfrey Show doing business as Harpo Productions Inc., ("Harpo") is a corporation organized and existing under the laws of Illinois with a principal place of business at 1058 W Washington Blvd. Chicago, IL 60607-2116.

5.    Plaintiffs allege on information and belief that at all times relevant herein, Defendants and their employees, subsidiaries, affiliates, and other related entities, were the agents, servants and employees of each other, and at all times relevant herein, each was acting within the purpose and scope of that agency and employment.

6.    Whenever reference in this Complaint is made to any act or transaction of the Defendants, such allegation shall be deemed to mean that the principals, officers, directors, employees, agents, and/or representatives of Defendants committed, knew of, performed, authorized, ratified and/or directed that act or transaction on behalf of Defendants while actively engaged in the scope of their duties.

7.    All allegations herein are based on information and belief and/or are likely to have evidentiary support after reasonable opportunity for further investigation and discovery.

## II. VENUE AND JURISDICTION

8.    This action alleges claims arising under the Copyright Act of 1976, as well as state law claims of tortious conversion, unjust enrichment and quantum meruit. This Court has jurisdiction over this

action pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1338(b) and over the state law claims pursuant to its supplemental jurisdiction under 28 U.S.C. § 1367.

9.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(a).

### III. FACTUAL ALLEGATIONS

10.    Mr. Harris is the author of the booklet "How America Elects Her Presidents". During and prior to 2000, Mr. Harris created and wrote "How America Elects Her Presidents", a non-dramatic literary work authored in the United States. Mr. Harris had applied for and received a Certificate of Registration for his booklet "How America Elects Her Presidents", dated and identified as follows: January 6, 2000, No. TXu-931-707. Thus, Mr. Harris is the owner of the copyright in the booklet. A true and correct copy of the Certificate of Registration is attached herewith as **"Exhibit 1"**. The booklet has also been acknowledged by The Democratic Party (Democratic National Committee) and The Republican Party (Republican National Committee). True and correct copies of the acknowledgements dated 2004 are attached herewith as **"Exhibit 2 and Exhibit 3"** respectively. This suffices as proof of Mr. Harris' copyright in the booklet.

11.    Mr. Harris has been corporately selling "How America Elects Her Presidents" through his company Unique Products and Services (Unique).

12.    The cause of action in this matter arose during Senator Obama's campaign for President of the United States of America. Ms. Winfrey through HARPO was supporting Senator Obama's campaign through her "Oprah Winfrey Show".

13.   Considering this as a good business opportunity and to widely publicize the booklet "How America Elects Her Presidents", Unique offered HARPO to include booklet in then Senator Obama's, now President Obama's campaign for President of the United States.

14.   That, on January 1, 2008, Mr. Harris, on behalf of Unique, sent a letter to Ms. Winfrey inquiring as to her potential interest in utilizing "How America Elects Her Presidents" in her television show, the "Oprah Winfrey Show." A true and correct copy of the said letter is attached hereto as **"Exhibit 4".**

15.   Mr. Harris also shipped 10 copies of the proposed booklet for the Presidential campaign to the Oprah Winfrey Show in Chicago. A true and correct copy of the front cover page of the proposed booklet is attached herewith as **"Exhibit 5".**

16.   The letter and the proposed 10 copies of booklet were certified and tracked to have been delivered on January 11, 2008 to The Oprah Winfrey Show.  A true and correct copy of the certified receipt of the shipment is attached herewith as **"Exhibit 6".**

17.   After waiting five weeks with no response, Mr. Harris contacted HARPO and spoke with Mr. Carlton.  Mr. Carlton claimed that neither the Oprah Winfrey show nor HARPO accepted any calls or packages at any time. Mr. Carlton could not explain why he was then in fact taking the current call. Mr. Carlton further claimed that no packages or deliveries were ever accepted from Unique Products and Services. Mr. Harris did receive confirmation of booklet delivery via certified United States Post Office.

18.   Mr. Harris wrote another letter to Ms. Winfrey on February 10, 2008 enquiring the 2008 election proposal relative to the Presidential election bid of Senator Obama.  A true and correct copy of

the letter is attached hereto as **"Exhibit 7"**.  No response to this letter was received.

19.    That on February 16, 2009, at 4 P.M. (EST) Mr. Harris was watching Oprah Winfrey show and to his shock and dismay he saw Ms. Winfrey reading out to the studio and viewing audiences several of the exact same questions that are included in his booklet "How America Elects Her Presidents".  Ms. Winfrey was reading out the questions verbatim as in the booklet "How America Elects Her Presidents" from 4x6 laminated Q cards in her hand.

20.    The language and the structure of the questions were exactly the same to material copyrighted in Mr. Harris's booklet.  Ms. Winfrey had developed one of her daily programs based on the information in the booklet.  She was also highly praising of the information contained in the booklet.

21.    The questions in the booklet "How America Elects Her Presidents" were developed and designed by and for Unique, not for the Ms. Winfrey show. Defendants copied questions verbatim from Mr. Harris' "Copyrighted Work", without his permission or license.  This amounts to infringement of Mr. Harris's copyright in the booklet "How America Elects Her Presidents".

22.    That on July 09, 2010, Plaintiffs sent a demand letter to the Defendants demanding an amicable settlement of the dispute. A true and correct copy of the Demand Letter is attached hereto as **"Exhibit 8"**. Defendants have refused amicable settlement of this dispute.

23.    To date, Defendants have not cured the above violation of Plaintiffs' "Copyrighted Work".

# IV. CAUSES OF ACTIONS
## COUNT I
## COPYRIGHT INFRINGMENT IN VIOLATION OF 17 U.S.C. §§ 101 ET SEP. AGAINST DEFENDANTS MS. WINFREY AND HARPO

24.   Plaintiffs reallege and incorporate by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

25.   The fact that Mr. Harris had sent Defendants 10 copies of booklets for consideration of his offer clearly bolsters the allegation that Defendants had easy access to Mr. Harris' booklet to plagiarize the questions verbatim from his booklet and use them for Defendants' show which constitutes infringement of copyrighted work.

26.   The acts of Defendants, Ms. Winfrey and HARPO, of unauthorized use and/or reproduction and/or derivative work and plagiarizing from Mr. Harris' booklet "How America Elects Her Presidents" constitute copyright infringement in violation of the Copyright Act, 17 U.S.C. §§ 101, et seq.

27.   The unlawful actions of Defendants in the unauthorized use and/or reproduction of the booklet "How America Elects Her Presidents" was deliberate, willful, malicious, oppressive and without regard to Plaintiff's property rights.

28.   Defendants' copyright infringement has caused and will continue to cause Plaintiffs to suffer substantial injury, loss and damage to its property and exclusive rights to the copyrights in the booklet "How America Elects Her Presidents", and further has damaged

Plaintiffs' business reputation and goodwill, diverted its trade and has caused a loss of profits all in an amount not yet ascertained.

29.   Defendants' copyright infringement and the threat of continuing infringement have caused and will continue to cause Plaintiffs repeated and irreparable injury. It would be difficult to ascertain the amount of money damages that would afford Plaintiffs adequate relief at law for Defendants' wrongful acts. Plaintiffs' remedy at law is not adequate to compensate it for the injuries already inflicted and further threatened by Defendants. Therefore Defendants should be restrained and enjoined from use and dissemination of related materials pursuant to the Copyright Act, 17 U.S.C. § 101 et seq.

30.   Plaintiffs are entitled to recover actual damages in an amount to be determined at trial, plus an award for Defendants' profits resulting from the unlawful use of and infringement on the Plaintiffs' booklet "How America Elects Her Presidents"; or alternatively, statutory damages for each act of infringement in an amount provided by law, as set forth in 17 U.S.C. §504 for damages of up to $150,000 per each incident of intentional unlawful use by Defendants. Plaintiffs are entitled to injunctive relief prohibiting Defendants from further infringing Plaintiffs' exclusive rights under the Copyright Act of 1976 and ordering that Defendants destroy all copies of the "Copyrighted Work" made in violation of those rights. Plaintiffs are further entitled to recover prejudgment and post judgment interest and for an award of Plaintiffs' reasonable attorney's fees pursuant to 17 U.S.C. §505 together with costs of suit.

## COUNT II
## TORTUOUS CONVERSION AGAINST DEFENDANTS MS. WINFREY AND HARPO

31.    Plaintiffs reallege and incorporate by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

32.    In the alternative, Defendants have tortuously converted the contents of Mr. Harris' copyrighted work by virtue of unauthorized appropriation thereof and incorporation of the same in Ms. Winfrey's Q cards for the "Oprah Winfrey Show".

33.    Defendants' unauthorized conversion of Plaintiffs' copyrighted work has occurred without legal justification and without Plaintiffs' consent.

34.    Plaintiffs have suffered actual, incidental, and consequential damages on the basis of Defendants' tortuous conversion of Plaintiffs' copyrighted work together with loss of value and the benefits thereof.

35.    Defendants remain solely, jointly, or jointly and severally liable and indebted to Plaintiffs for and in the amount of all actual, incidental, and consequential damages that Plaintiffs have suffered and will likely suffer in the future as the direct and proximate result of Defendants' tortuous conversion.

36.    Defendants additionally remain solely, jointly, or jointly and severally liable and indebted to Plaintiffs in the amount of all gains, benefits, and advantages that they have individually and/or collectively derived and will likely derive in the future by virtue of their improper and unauthorized conversion.